UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-80 S

KACEY JONES :

**MOTION TO DISMISS**

NOW comes the defendant, Kacey Jones, and, pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure, moves to dismiss the within indictment on the grounds that the indictment fails to charge an offense punishable under the statutes of the United States and, further, that the indictment is deficient because it does not properly allege that the victim was assisting an employee of the United States.

KACEY JONES,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281

**CERTIFICATION**

I hereby certify that I served a copy of the within motion to Zechariah Chafee, AUSA by way of ECF case filing on June 12, 2007.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-80 S

KACEY JONES :

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

The defendant, Kacey Jones, has moved to dismiss the within indictment on the grounds that the indictment fails to charge an offense punishable under the statutes of the United States and, further, that the indictment is deficient because it does not properly allege that the victim was assisting an employee of the United States. The indictment does not allege who the employee is nor does it allege how the alleged victim assisted the employee of the United States.

I. 18 U.S.C. §§ 111 and 1114

The indictment alleges that the defendant assaulted one James Laurie in violation of 18 U.S.C. §§ 111 (a)(1) and (b) and 1114. The indictment clearly mischaracterizes Laurie's relationship with the government "official" upon which criminal liability is predicated. The indictment alleges that Laurie was "a person assisting an officer and employee of the United States" and further, that the assault occurred while "Laurie was engaged in, and on account of, the

performance of his official duties." The facts as disclosed in discovery indicate that Laurie was a private correctional officer employed by Cornell Cox Corrections at the Donald W. Wyatt Detention Center. See copy of incident report, attached as Exhibit A.

It follows then, that Laurie could have no "official duties" as he was not an employee or officer of the government. Under 18 U.S.C. § 1114, entitled Protection of officers and employees of the United States, a private employee like Laurie cannot have any "official" duties as only employees of the government have such a designation. As such, the indictment, by charging that Laurie was engaged in duties that he could not lawfully engage in, to wit: official duties, does not charge an offense that violates 18 U.S.C. §§ 111(a)(1), (b) or 1114.

An indictment is required to state a violation of the applicable criminal statute. United States v. Boston & M. R.R., 380 U.S. 157 (1965); United States v. Anzalone, 766 F. 2d 676 (1st Cir. 1985). In this case, the statutes that the government claims Kacey Jones has violated 18 U.S.C. §§ 111(a)(1), (b) or 1114. By mischaracterizing the nature of Laurie's employment and authority, the government has failed to appropriately state a violation of the statutes listed above.

In addition, the incident report attached as Exhibit A does not state, nor does the government allege, that a government employee was present at the time

the assault is alleged to have occurred. This constitutes a fatal defect in the indictment. See United States v. Sapp, 272 F. Supp. 2d 897 ( N.D. Ca. 2003). In Sapp, the court dismissed that portion of an indictment charging a violation of 18 U.S.C. § 1114 based upon the fact that no federal law enforcement officer was present at the time of an alleged assault. A team of California State police officers was executing federal and state arrest warrants on Sapp at the time of the assault. 272 F. 2d, at 910.

In the Sapp opinion, that court went to great length to discuss the history of 18 U.S.C. § 1114. In 1996, the statute was streamlined and the clause that the government relies upon in this case was inserted. [1] Prior to the amendment of section 1114, the statute contained a long, exhaustive list of protected federal employees. The clause relied upon by the government was inserted in the 1996 amendments. As a result of the amendment, persons who are assaulted while "assisting such an officer" are protected under the statute. The insertion of the phrase "such an officer" evinces congressional intent that a specific, actual officer be present with the victim.

There are two relevant decisions of the United States Supreme Court which

---

[1] Pub. L. No. 132, Title VII, Subtitle B, § 727(a). A copy of the 1996 amendment is attached hereto as Exhibit B.

deal with the statutes charged in this indictment. First, in Ladner v. United States, 358 U.S. 169 (1958), the Court found that the policy underlying section 1114 was "to prevent the hindrance of the execution of official duty... and was not to protect federal officers except as incident to that aim." Id., at 175-76. Secondly, in United States v. Feola, 420 U.S. 671 (1975), the Court held that section 1114 reflected the need to protect "the safety of federal officers insofar as it was tied to the efficacy of law enforcement activities." Id., 420 U.S., at 681. Obviously, the Ladner and Feola decisions were based on the earlier version of section 1114.

In Sapp, Judge Patel found that the statute required the "identification of a federal officer, not merely a federal function." 272 F. Supp. 2d, at 909. It is impossible to describe the problem with this indictment any more succinctly than Judge Patel did in Sapp.

> The "assistance" is far too attenuated for the reasons set forth in this opinion. By the statutory language, Congress clearly contemplated assistance to a particular officer or officers, not assistance to a task force or more generalized effort. Congress easily could have written section 1114 to protect persons rendering assistance to a federal effort or investigation as it did in section 1121 but chose not too. (citation omitted).

United States v. Sapp, 272 F. Supp., at 909.

The victim of the assault alleged in the indictment was an employee of a private corporation. No federal law enforcement officer was present. No federal

law enforcement officer is named or alleged in the indictment. The necessary link here is so attenuated that there is only a minimal federal interest in prosecuting Kacey Jones. This matter properly belongs in the Rhode Island Superior Court.

II. Conclusion

For the reasons set forth herein, the defendant urges this Court to dismiss the indictment.

KACEY JONES,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281

**CERTIFICATION**

I hereby certify that I served a copy of the within motion to Zechariah Chafee, AUSA by way of ECF case filing on June 12, 2007.

/s/ Edward C. Roy, Esquire