IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. No. 06-080S |
| vs. | ) | |
| | ) | |
| KACEY JONES | ) | |

GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS INDICTMENT

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Zechariah Chafee, Assistant United States Attorney, and hereby objects to Defendant's Motion To Dismiss Indictment for the reasons set forth in the accompanying Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ZECHARIAH CHAFEE
ZECHARIAH CHAFEE
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email:zechariah.chafee@usdoj.gov

**CERTIFICATE OF SERVICE**

On this 27th day of June, 2007, I caused the within Government's Objection to Defendant's Motion to Dismiss to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Edward C. Roy, Jr., Esquire
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

/S/ZECHARIAH CHAFEE
ZECHARIAH CHAFEE
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email:zechariah.chafee@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. No. 06-080S |
| vs. | ) | |
| | ) | |
| KACEY JONES | ) | |

GOVERNMENT'S MEMORANDUM IN SUPPORT OF IT'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS INDICTMENT

Defendant has moved to dismiss the indictment on two grounds: that "it fails to charge an offense punishable under the statutes of the United States" and that "it does not properly allege that the victim was assisting an employee of the United States." For the reasons given below, the motion should be denied.

The indictment charges one count of assault inflicting bodily injury on a person assisting an officer and employee of the United States engaged in or on account of official duties in violation 18 U.S.C. § 111(a) and (b) and 1114. Copy of indictment attached.

The indictment is valid on its face. The elements of the charge are

1. Forcible assault,
2. any person designated in 18 U.S.C. § 1114,
3. engaged in or on account of official duties, and
4. inflicting bodily injury.

18 U.S.C. § 1114 includes any person assisting an officer or employee of the United States in the performance of official duties. The indictment sets forth all these elements. That disposes of defendant's first argument. The indictment charges an offense punishable under the Federal Criminal Code.

The nub of defendant's second challenge is really a contention that the evidence of the case is insufficient to support the elements set forth in the indictment. He argues from witness statements provided in discovery that victim Laurie was an employee of Cornell Cox Corrections, not the United States. On top of this factual allegation defendant argues also that Laurie could not have been assisting an officer or employee of the United States. He contends that no federal law enforcement officer was present.

These are factual issues and are a challenge to the sufficiency of the evidence. Factual contentions are resolved at trial. Generally, courts will not sustain a defendant's challenge to a facially valid indictment on grounds of insufficient evidence. Costello v. United States, 350 U.S. 359, 363-64 (1956), United States v. Reyes-Echeverria, 345 F.3d 1,5 (1st Cir. 2003) (validity of indictment not affected by alleged insufficiency of evidence because grand jury proceeding is preliminary phase of criminal justice process). The government is not required to prove its case in a pretrial proceeding.

Of note is that defendant relies on a district court opinion from the Northern District of California that describes the execution of state and federal search warrants by California Highway Patrol Officers. As the facts of the government's case are proved at trial the government believes this court will find United States v. Mathews, 106 F.3d 1092 (2nd Cir. 1997) far more helpful. That case involved an assault on a handyman employed by a private management firm hired by the United States Marshal's Service to assist in performance of official law enforcement activities, that is, the maintenance of an SRO hotel seized by the Marshals Service. The court upheld the assailant's conviction under 18 U.S.C. §§ 111(a) and (b) and 1114. In the instant case it is alleged that defendant assaulted an employee of a private prison management firm hired by the United States Marshal's Service to assist in the performance of official law

enforcement activities, that is, the management of the Wyatt Detention Center. Defendant's motion should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ZECHARIAH CHAFEE
ZECHARIAH CHAFEE
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email:zechariah.chafee@usdoj.gov

**CERTIFICATE OF SERVICE**

On this 27th day of June, 2007, I caused the within Notice of Appearance to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Edward C. Roy, Jr., Esquire
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

/S/ZECHARIAH CHAFEE
ZECHARIAH CHAFEE
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email:zechariah.chafee@usdoj.gov