IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. No. 06-080S |
| vs. | ) | |
| | ) | |
| KACEY JONES | ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

## I. INTRODUCTION:

Defendant's sentence on this case of an assault on a jail guard at Wyatt should run consecutively to the sentence for his Massachusetts federal 2006 conviction for possession of cocaine base with intent to distribute because 18 U.S.C. § 3553 calls for it.

## II. FACTS:

On May 11, 2006, at about 3:24pm, Officer James Laurie was carrying out his duties as a guard at his post on the main floor of E-Pod, a wing of the Wyatt Facility containing tiers of cells in which federal detainees were housed. At the time the detainees were out of their cells and milling around the main floor. Officer Laurie was at a desk on the main floor attempting to log on a computer terminal as is the standard practice at the beginning of a shift inside a Wyatt pod.

Detainees came up to the desk demanding to be released to the jail's exercise yard. Officer Laurie told them sharply to move away from the desk and that they would be released in about

five minutes. Detainee Kacey Jones, a solidly-built muscular young man, aggressively demanded whether Officer Laurie thought himself tough. Officer Laurie told Jones to watch what he said. Jones then came at Laurie, punching Laurie in the face and head repeatedly while Laurie tried to protect himself by grabbing ahold of Jones. In the struggle both men fell to the floor. Laurie had pushed the button on his body alarm sending an emergency signal to the guards. A group of guards rushed in and struggled to pull Jones off Laurie. Jones was soon dragged away.

Laurie’s right eye was bloodshot and the surrounding flesh red and swollen from Jones’ punching, and Laurie’s right arm had red scratches from the assault by Jones. Laurie was examined by a nurse at Wyatt and taken over to Miriam Hospital for treatment of his eye.

III. ARGUMENT:

Defendant has a long history of criminal convictions, a number of them serious, and falls into the category of career offender under the guidelines. He now seeks to avoid the resulting lengthy sentence that has been calculated by the probation department. Under the sentencing factors set out in 18 U.S.C. § 3553 defendant merits the low end of the calculated sentencing range, 151 months, and that time should run consecutively to the 10 year sentence he is now serving.

Of the § 3553 factors there are two which are especially important to this case: (a)(2)(B) "to afford adequate deterrence to criminal conduct", and (a)(2)(C) - "to protect the public from further crimes of defendant". Defendant has a horrifying history of violent crimes, many of them committed while he was a juvenile - assault after assault - as well as illegal possession of a firearm.

Before he attacked the jail guard at Wyatt, Officer Laurie, defendant in 1998 had already received a 2-3 year sentence for assault and battery on a correctional Officer. Then in July 1999 defendant was convicted of receiving a stolen motor vehicle, a case in which he led pursuing police officers at high speed through the city of Springfield. Also in July 1999 defendant stole a gold ring and a leather jacket from a citizen by punching him in the face.

In June of 2005 defendant beat up a guard at the Hampden County House of Corrections. In May of 2005 defendant again attacked four different officers at the Hampden County House of Corrections.

In December 2004 while defendant was being arrested by a police officer, he reached for a nearby large loaded handgun. The officer grabbed defendant before he could do anything with the gun and defendant fought the officer to avoid arrest and to throw his bag of crack into the toilet. This was the drug case

for which he received a federal sentence of 120 months.

Now defendant points to his hard upbringing and his psychological problems as a reasons for his violent behavior. While those are unfortunate facts, they are also another reason to believe he is a continuing danger to the public. He has an explosive personality and poses a major threat to those around him.

IV. CONCLUSION:

What, other than a prison cell, will deter defendant from violent criminal conduct? How, other than by a prison wall, can the court protect the public from further crimes of defendant? (And even the prison wall is unable to protect the correctional officers from defendant). Defendant is a dangerous man who should be kept away from the public until age works its usual

calming effects on his violent disposition. The sentence called for by the guidelines, if imposed consecutively, will accomplish that necessary goal.

Respectfully submitted,
UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ZECHARIAH CHAFEE

ZECHARIAH CHAFEE
RI Bar #3364
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email:zechariah.chafee@usdoj.gov

**CERTIFICATE OF SERVICE**

On this 7th day of February, 2008, I caused the within Government's Sentencing Memorandum to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Edward C. Roy, Jr., Esquire
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

/s/ZECHARIAH CHAFEE
ZECHARIAH CHAFEE
RI Bar #3364
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email:zechariah.chafee@usdoj.gov